**CLEVELAND TELECOMMUNICATIONS CORPORATION and Metrica, Inc., Appellants,**

v.

**Daniel S. GOLDIN, Administrator of the National Aeronautics and Space Administration, Appellee,**

**and**

**Recom Technologies, Intervenor.**

**No. 94–1127.**

United States Court of Appeals, Federal Circuit.

Dec. 21, 1994.

Irene C. Keyse–Walker, Arter & Hadden, Cleveland, OH, argued for appellant. With her on the brief was Carl E. Anderson, Walter & Haverfield, Cleveland, OH.

Dean L. Grayson, Dept. of Justice, Washington, DC, argued for appellee. Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Anthony H. Anikeeff, Asst. Director and Brian M. Simkin, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, were on the brief, for appellee.

John J. Fausti, Law Offices of John J. Fausti, Washington, DC, argued for intervenor.

Before MICHEL and LOURIE, Circuit Judges, and SKELTON, Senior Circuit Judge.

SKELTON, Senior Circuit Judge.

This is a bid protest case. Appellants, Cleveland Telecommunications Corporation and Metrica, Inc., (appellants or CTC) appeal from the decision of the General Services Board of Contract Appeals (the Board) in GSBCA 12586–P dated December 14, 1993, in which the Board denied the bid protest of CTC. The appellants contended before the Board that the National Aeronautics and Space Administration (NASA) deprived them of an opportunity to submit a revised cost proposal in a second best and final offer (BAFO) for the computational, administrative, professional engineering services (CAPES) procurement which amounted to $41 million dollars. CTC argued that the notice from the agency regarding the filing by bidders (or offerors) of a second BAFO violated the federal procurement regulations because it did not state that discussions were

concluded and did not explicitly request a second BAFO. CTC contended that as a consequence intervenor Recom Technologies, Inc. was erroneously selected for negotiations in the CAPES procurement. The Board held that the notice and bid proceedings fully complied with the regulations, and that CTC was given every opportunity to amend its first BAFO or file a second one, but did not do so. The Board denied CTC's bid protest. We affirm.

## Background

On March 22, 1993, NASA issued a request for proposals (RFP) for the CAPES procurement. This procurement was for on-site support services in the computer arena to be performed for the Computer Services Division of the Lewis Research Center at NASA and covered a wide range of services within nine work areas. CTC submitted a proposal on May 19, 1993, in response to the RFP. After CTC's proposal was evaluated by the Source Evaluation Committee (SEC) of NASA, along with proposals of several other bidders, CTC and certain of the other offerors were notified in writing that they were in the competitive range, and each of them was instructed to submit a BAFO by August 11, 1993. CTC submitted its BAFO on that date.

After the BAFOs of all the bidders in the competitive range had been filed, the SEC discovered that some of the bidders had misconstrued discussions with NASA to mean that proposals were required to be based on incumbent wage rates when there was no such requirement. In view of this misunderstanding, the SEC decided to reopen discussions with the bidders in the competitive range and give them an opportunity to amend their BAFOs or submit new ones if they desired to do so. Accordingly, the chairman of the SEC informed the contracting specialist of this decision so that she in turn could notify the bidders. The contracting specialist was also the contracting officer for the CAPES procurement. When the contracting specialist received this information from the SEC, she mailed the following notice, dated August 20, 1993, to CTC and all of the other bidders in the competitive range:

Based on the responses received from some offerors to the questions sent out by the Government during oral and written discussions, the Government has determined a need to conduct a second round of discussions. Therefore, while the Government has no further questions or need for clarification concerning your referenced proposal, you are hereby given the opportunity to submit any amendments you may have to your referenced proposal. The final cut-off for receipt of any amendments is 4:30 p.m., local time, August 25, 1993.

In addition to sending this notice, the contracting specialist phoned CTC and all of the other bidders in the competitive range and orally gave them the same information that was contained in the written notice. On August 23, 1993, CTC's president had a telephone conversation with the contracting specialist during which she told the president that it was not the intent of the government to make the bidders submit entirely new proposals because it would be too much to expect of the bidders in view of the short time (5 days) between the date of the notice and the cut-off date, but that any amendment CTC wanted to make to its proposal could be submitted prior to the cut-off date, and it would be accepted. CTC worked on a new BAFO but did not submit it.

## Discussion

█ CTC contends that the August 20, 1993, letter (notice) did not comply with Federal Acquisition Regulation 48 CFR 15.611(a)(b) (1992) and NASA FAR Supplement 48 CFR 1815.613–71 (1992) because it did not explicitly request second BAFOs from the offerors still within the competitive range, nor state that discussions were concluded, and did not state that this is the opportunity to submit a best and final offer. CTC asserts that these defects prevented it from submitting a new BAFO and as a result Recom Technologies, Inc. was erroneously selected as the successful bidder. For reasons stated below, we do not agree with CTC's arguments.

Pertinent parts of the cited regulations state:

Section 15.611 of the FAR

Best and final offers.

(a) Upon completion of discussions, the contracting officer shall issue to all offerors still within the competitive range a request for best and final offers. Oral requests for best and final offers shall be confirmed in writing.

(b) The request shall include—

(1) Notice that discussions are concluded;

(2) Notice that this is the opportunity to submit a best and final offer;

(3) A common cut-off date and time that allows a reasonable opportunity for submission of written best and final offers; and

(4) Notice that if any modification is submitted, it must be received by the date and time specified and is subject to the Late Submissions, Modifications, and Withdrawals of Proposals provision of the solicitation.

(c) After receipt of best and final offers, the contracting officer should not reopen discussions unless it is clearly in the Government's interest to do so. . . . If discussions are reopened, the contracting officer shall issue an additional request for best and final offers to all offerors still within the competitive range.

NASA FAR Supp. 1815.613–71(b)(5)(ii)(E):

The contracting officer shall give each offeror a reasonable opportunity (with a common cut-off date for all) to support and clarify its proposal in a best and final offer which shall be submitted at the conclusion of discussions. An offeror may, on its own initiative, revise its proposal and make corrections or improvements until the established cut-off date.

Finally, CTC says that the regulations were not complied with by the August 20 letter because it did not state that this is the opportunity to submit a best and final offer. This contention is without merit. The letter complied with this requirement when it stated " . . . you (CTC) are hereby given the opportunity to submit any amendments you may have to your referenced proposal." The different wording is a change without a difference, as the meaning is the same. CTC cannot deny that it was given an unlimited opportunity to amend its original BAFO. We reject CTC's assertion that defects in the August 20 letter prevented it from filing a new BAFO, which amounted to a request for an optional second BAFO, because a reasonable interpretation of the letter in light of the NASA regulation, the telephone call, and the surrounding circumstances would not support such a conclusion.

CTC says that the August 20 letter violates § 15.611 of the FAR because it does not mention the words "best", "final", or "offer". We disagree. There is no provision in the regulations that requires these words to be used in a request for BAFOs. CTC also argues that the August 20 letter does not comply with the regulations because it does not explicitly request second BAFOs from the offerors. The regulations do not require such specificity in BAFO requests. When the letter is properly construed and interpreted it means that discussions were concluded and that the government was allowing offerors to submit second BAFOs, or to amend their original BAFOs by a fixed cut-off date.

■ The Comptroller General of the United States has correctly held that the regulations do not require a notice to offerors requesting BAFOs to expressly state that it is a request for BAFOs.[1] For instance, in *Israel Aircraft Industries, Ltd.,* No. B–239211, 90–2CPD ¶ 84, 1990 WL 278331 (July 30, 1990), the Comptroller General held that where a notice to offerors does not specifically request them to submit BAFOs, "language giving notice to all offerors of a common cut-off date for receipt of offers has the intent and effect of a request for BAFOs." *See also KMS Fusion, Inc.,* B–242529, 91–1CPD ¶ 447, 1991 WL 122256 (May 8, 1991). We agree with these decisions on this issue. Accordingly, we construe the cut-off date in the August 20 letter to CTC as indicating that

---

**1.** Decisions of the Comptroller General are not precedents that are binding on this court. However, we may look to them for guidance when they are reasonable and in conformance with law, as in the instant case.

the opportunity to submit amendments to the original BAFO amounted to a request for a second BAFO and as a notice when it must be filed.

■ An additional contention of CTC is that the August 20 letter did not state that discussions were completed, as required by the regulations. This argument cannot be sustained. The letter notified CTC that as far as the government was concerned discussions were completed when it stated "... the government has no further questions or need for clarification concerning your referenced proposal...." Also Section 15.611(a) of FAR provides that upon completion of discussions, the contracting officer shall issue to all offerors a request for their best and final offers. Therefore, CTC should have known, by reason of the regulation, that when the request for BAFOs was made in the August 20 letter all discussions had been completed. No further notice was required.

Finally, CTC argues that the August 20 letter did not provide notice that any modifications or amendments were subject to the relevant solicitation provisions as required by section 15.611(b)(4). Although this is true, CTC does not contend that it was ignorant of the relevant provisions, presumably because they were included in the first BAFO request. Therefore, we conclude that this minor omission, even if deemed a violation of the FAR, did not prejudice CTC in any way and does not provide grounds for terminating the procurement.

■ If there was any error in the August 20 letter, it was harmless error and CTC was not prejudiced by it, because NASA FAR Supp. provides:

An offeror may, on its own initiative, revise its proposal and make corrections or improvements until the established cut-off date.

Consequently, CTC cannot show that any error in the letter prevented it from submitting a second BAFO before the submission deadline, because on its own initiative it could have made and submitted any change, revision, correction or improvement in its BAFO before the cut-off date that it desired, but chose not to do so. NASA argues that the NASA FAR supplement is the principal governing regulation at issue here because FAR 15.613 exempts NASA from the general source selection procedures contained in FAR subpart 15.6. Thus, NASA contends that its conduct should be governed by the more lenient alternative source selection procedures set forth in NASA FAR Supp. 1815.613–71(E), namely, that the contracting officer "give each offeror a reasonable opportunity (with a common cut-off date for all) to support and clarify its proposal in a best and final offer which shall be submitted at the conclusion of discussions." However, because we find that NASA complied with the more stringent FAR 15.611, we need not address this argument.

We agree with the Board's decision that NASA's letter of August 20, 1993, to CTC complied substantially, if not literally, with the regulations. CTC's bid protest was properly denied, and the decision of the board is affirmed.

*AFFIRMED.*